## PRICHARD & BOLT v. JOHN LEWIS.

**Vendor and Purchaser—Consideration—Part Cash and Remainder for Support of Vendor for Life—Vendee's Lien—Attaching Creditor's Lien on Cash Payment.**

The appellants had their attachment levied on the tract of land to which Andrew Lewis had the legal title. Andrew obtained a deed for the land in controversy from his father for the consideration of six hundred dollars in hand paid and the further consideration that he would support his father, on the land, during his natural life. The father had the deed cancelled upon the allegation that the consideration had failed. The appellants had obtained a lien on the land previous to the filing of the petition for cancellation, by the levy of their attachment.

Held, that the only lien the father has upon the land is for his support during his life. This lien should have been enforced by the chancellor instead of canceling the deed, and he should be permitted to live upon the premises during his life, and the land should be subjected in a proper proceeding to the debts of the attaching creditors.

APPEAL FROM MAGOFFIN CIRCUIT COURT.

January 30, 1872.

OPINION BY JUDGE PRYOR:

The appellants, Prichard and Bolt, had their attachment levied on the tract of land to which Andrew Lewis had the legal title.

Their claims were asserted against him and so far as the record shows, ought to be enforced. The appellee, John Lewis, is made a defendant by the appellants to the several actions in which their attachment were obtained. It seems that Andrew Lewis obtained a deed to the land in controversy from his father, John Lewis, for the consideration of six hundred dollars in hand paid, and the further consideration that he would support John Lewis and his wife during their natural lives on the land conveyed. John Lewis in his petition filed and consolidated with the actions broughts by the appellants, seeks to have a cancelment of the deed to his son, upon the allegation that the son has failed to comply with his contract or the covenants in the deed, that his son failed to support and maintain himself and his wife as he obligated himself by the deed to do and therefore the consideration has wholly failed. The court below upon the hearing cancelled the deed, and from that judgment the appellants have appealed. The appellants had, previous to the petition, filed by John Lewis, obtained a lien on this land conveyed by the father to the son by the levy of their attachments. The father had acknowledged the consideration of six hundred dollars of the purchase money paid and, whether paid or not, it is, so far as creditors are concerned, to be taken as paid over any lien of the grantor released to that extent. The only lien that John Lewis has upon the land is for his support and maintainance during his life, his wife being dead. This lien should have been enforced by the chancellor instead of cancelling the deed. The land seems to be of but little value, as its rental value is placed at seventy-five dollars per annum, hardly a sum sufficient to support the old man in his declining years. The deed recites that the old man is to live and be supported on the place. The whole of this farm, the right to use and control it during the old man's life is not more than he ought to have and the court should permit him to live upon the premises during his life with the right to use and cultivate the place in a husbandlike manner, and with this incumbrance upon it, the land should be subjected and is liable in a proper proceeding to the judgment for the debts of the attaching creditors.

The question as between the attaching creditors and Andrew Lewis are not before the court and cannot now be disposed of.

The judgment of the court below is reversed and cause remanded for further proceedings consistent with this opinion.

Botts, for appellants.